## Lessee of Jacob Kolb *against* John Komp.

Though a posthumous child be entitled to a share of his father's lands as if he had died intestate, yet if there be a deficiency of personal estate to pay the debts, he shall not recover against a purchaser under the executors, until he has paid or tendered his proportion of such deficiency: but if partition cannot be made of the lands, they remain liable for the sum justly due to such child.

EJECTMENT for one messuage, &c. and 112 acres of land in Dover township. The lessor of the plaintiff claimed one undivided tenth part thereof, as a posthumous son of Christain Kolb, who died seized of the premises, having first made his last *will and testament,·dated 24th March 1774, wherein he [*165 devised his lands to his executors to be sold by them, as they should think proper for the benefit of his heirs, (naming each of his children,) in equal shares, but his eldest son to have one shilling sterling more than the rest. He also gave a legacy of 20l. and a cow to his widow. On the 28th May 1774, the executors sold the lands to Henry Reiffe, for 255l. 15s. 9d. who afterwards contracted with Andrew Bensell, but dying before he made his conveyance, his widow and children afterwards conveyed to him on the 15th June 1798, in consideration of 280l., and the defendant was his tenant.

An inventory was taken of the effects of Christian Kolb, immediately after his death, whereby his personal property was valued at 115l. but by the advance made by the sales, it amounted to  156l.    7s.
In the administration account settled on the 4th December 1781, there was credited to the executors, exclusive of the legacies to the widow, 297    3    9

So that there was a deficiency of personal assets of    .    .    .    .    £140    16    9
At the time the lands were sold by the executors, the fences were in bad order. Bensell put up new fences, built a good double log barn, walled in the cellar, and made other improvements.

Mr. Bowie for the defendant, argued, that the law would not countenance a valuation of lands, thus improved by a second purchaser, without notice. The act of 23d March 1764, § 5, (1 Dall. St. Laws, Append. 48,) puts children born after the death of their father, on the same equal footing with the other children, and as if the father had died intestate. Lands directed to be sold, are considered as money. 9 Mod. 170. 1 Salk. 154. 1 Atky. 420. A posthumous child shall not defeat a power given by the will of his father to the executors to sell the lands. The reason of the common law, is the best rule for the con-

[Kolb *v.* Komp.]

struction of statutes. 4 Bac. 647. There can be no lien on the lands sold, nor is there any privity between the lessor of the plaintiff, and the present purchaser. The executors may be guilty of a *devastavit*, as to the child's distributive share, but having sold the lands under a proper authority, the premises are discharged from liability. It cannot be contested, that the share now claimed by the plaintiff, is exempted from a just proportion of the father's debts and expences of administration. At the *166] time of *the testator's death, there was a deficiency of personal property of 140l. 16s. 9d. and consequently 14l. 1s. 8d. with the interest thereon, is properly chargeable against such share. Without payment or tender thereof before the suit brought, the plaintiff is not entitled to recover. But if a recovery should take place, the purpart is still liable to valuation, in case partition cannot be made without prejudice to, or spoiling of the whole ; and if Bensell's improvements are not to form a part of the valuation, the result would be, that the lessor of the plaintiff would be entitled to 11l. 9s. 10¾d. the one tenth part of the balance of 114l. 19s. formed in the following manner.

| | | | |
|---|---|---|---|
| Amount of the personal estate sold at vendue. | 156l. | 7s. | |
| Do.  of the lands sold at do.   .  ·  . | 255 | 13 | 9 |
| | 412 | 2 | 9 |
| Deduct debts and expences of administration as settled in account in 1781,   .   .   . | 297 | 3 | 9 |
| Balance,   .   .   .   .   .   . | 114 | 19 | |

So that in the event, the lessor of the plaintiff by a circuity of action, would get what it is now conceded can be recovered from the executors, with little difficulty or expence.

Mr. Hopkins for the plaintiff, admitted, that the land of a testator would descend to a posthumous child, charged with a proportion of the debts ; and if the plaintiff should recover, it would still remain chargeable with such sum. If he is bound to pay interest, he is also entitled to his share of the profits. No laches can be imputed to a minor. The purchasers cannot be considered as without notice. The law operates as a supplement or codicil to the will, and the birth of the child must have been notorious. The case must be decided on principle. By the supplement of 1764, to the old intestate act, the father shall be deemed and construed to die intestate, so far as regards posthumous children ; and such children shall be entitled to like purparts, shares and dividends of the estate real and personal of the father, as if he had actually died without any will. The terms of the law are strong and comprehensive ; but the arguments of the defendant's counsel would go so far, as to leave the child without remedy, provided the executors are insolvent. This never could have been the intention of the legislature.

The court declared their opinion, that circumstanced as this

[Kolb *v.* Komp.]

case was, the plaintiff was not entitled to recover, not having paid or tendered his proportional part of the deficiency of the personal *estate, previous to the commencement of the suit [*167 in 1789. The lands were assets for the payment of the testator's debts, and if the executors had not paid them by a sale of the lands, the sheriff must have performed that office. The deficiency in the present instance, appeared on record, eighteen years before this suit was brought, and operated as notice thereof to the lessor of the plaintiff. If he could now recover, the debts being adjusted and paid by the executors, he might sell the land immediately, and free his share of all liability as assets.

They added also, that they did not determine even if this proportional part had been paid or tendered, and now brought into court, that the plaintiff would be entitled to recover one tenth part of the lands thus improved by a stranger. The law contemplated the posthumous child as taking his share at the time of his birth, according as it then would be divided or appraised, and not depending on improvements made by strangers. It seemed an outrage on justice, that such child should derive any benefit from the expenditures or labours of a purchaser.

But on the subject of the liability of the purpart of the posthumous child, to a due proportion. of the debts and expences necessarily incident, the court differed in opinion.

YEATES, J. declared, that he thought the lands continued liable to the lessor of the plaintiff for the amount of the just balance due to him for his tenth part, charging him with interest and crediting him with a proper proportion of the profits. The will is void as to him, by the express words of the act of 1764, and his father as to him died intestate. The authority granted to executors to sell lands, is no more binding on a posthumous child, than if such a power was given by a will, when a man was unmarried, and he afterwards married and had children. But a posthumous child is only entitled to partition, where it may be made without prejudice to, or spoiling of the whole estate devised, and neither he nor his vendee can hold the share on any other terms than as subjected to a valuation, in case the premises would be injured by a division. As to him however, the father dies intestate, and nothing that the executors can do, can change his security from realty to personalty.

BRACKENRIDGE, J. declared his opinion during the argument, that the lessor of the plaintiff being put on the same footing with the other children, clearly answered the object of the law ; and the executors having sold the lands for their full value, under a proper authority in the will, the premises were discharged from *all lien, and the lessor of the plaintiff was confined [*168 to the executors for his remedy.

On the next day, he expressed great doubt and seemed to retract his opinion, respecting the liability of the lands.

[Steel's Lessee *v.* Finley et al.]

The plaintiff suffered a nonsuit, under the direction of the court, with liberty to move the same again, if he should think proper.